IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTHONY P. HEARD, JR.,

                Plaintiff,

v.

JAMES PATTERSON and JOLINDA WATERMAN,

                Defendants.

ORDER

20-cv-548-jdp

      Plaintiff Anthony P. Heard, Jr., appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Heard alleges that prison medical staff delayed in treating his severe leg swelling, exacerbating the problem and causing him pain. Heard has filed two motions for appointment of counsel, stating that he cannot litigate the case himself because he is incapacitated by cancer and the treatment he is receiving for it. Dkt. 21 and Dkt. 42. Each defendant has filed a motion for summary judgment, Dkt. 26 and Dkt. 37, and defendants have filed a joint motion to dismiss the case for Heard's failure to respond to their motions for summary judgment.

      Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). This court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55.

It is unclear from the parties' filings whether this case will truly boil down to issues too complex for a typical pro se litigant to handle. But Heard's motions for counsel suggest that his abilities are far below those of the typical prisoner: he had a lengthy hospital stay for treatment of stage 3 lymphoma, and the following chemotherapy and narcotic medications he takes make him unfocused and sleepy. Heard's filings persuade me that it is appropriate to recruit counsel for him.

The case will be stayed pending recruitment of counsel. The court will take no action on defendants' motions for summary judgment at this time, and I will deny defendants' motion to dismiss the case for Heard's failure to respond to the summary judgment motions. If I find counsel willing to represent Heard, I will advise the parties of that fact. Soon thereafter, a status conference will be held to set a new schedule, including new briefing deadlines for defendants' summary judgment motions. Heard is advised that the court receives many requests for counsel, so the search for counsel may take several months, and there is no guarantee that the court will find counsel willing to represent him.

ORDER

IT IS ORDERED that:

1. Plaintiff's motions for recruitment of counsel, Dkt. 21 and Dkt. 42, are GRANTED.

2. Defendants' motion to dismiss the case, Dkt. 44, is DENIED.

3. The case is STAYED pending recruitment of counsel for plaintiff.

Entered November 10, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge